POLLY BIRD v. A. M. CRUSE.

*Deed—Construction of Reservation in Deed.*

A widow conveyed the portion of a tract of land allotted to her as dower by a deed purporting to be in fee-simple; the guardian of the heir, having procured an order of Court for the purpose, sold and executed a deed to the purchaser for the entire tract, embracing the dower portion, but with a reservation as follows: "Reserving the right of dower of the widow, etc., which has heretofore been sold and conveyed": *Held*, that the reservation in the deed by the guardian of the dower right "already conveyed" was a reservation only of what interest the widow had legally conveyed and was not a reservation of the fee-simple in the dower portion.

CIVIL ACTION for the recovery of land, tried before *Whitaker J.*, at November Term, 1893, of ROWAN Superior Court, on a case agreed, the material facts of which appear in the opinion of Associate Justice CLARK. There was judgment for the defendant, and the plaintiff appealed.

*Messrs. Lee S. Overman* and *T. F. Kluttz*, for plaintiff (appellant).

No counsel *contra*.

CLARK, J.: In 1829 John Bird died seized and possessed of a 200-acre tract of land. Dower therein, consisting of 66½ acres, was allotted to his widow. On October 8, 1831, she conveyed the 66½ acres to Michael Corl in fee. The guardian of Polly Bird, the only child and heir at law of John Bird, having procured an order of Court to sell the land descended to his ward, and having sold the same publicly, executed title on August 22, 1832, to said Michael Corl. This deed embraced the whole 200 acres left by John Bird, with a reservation as follows: "Reserving the right of dower

of the widow of the late John Bird, which has heretofore been sold and conveyed to said Michael Corl." The plaintiff, Polly Bird, contends that by virtue of this reservation the reversion in the 66½ acres of dower was not conveyed, and she now sues for the same, the widow having died in 1889. Unfortunately for the plaintiff the deed executed by her guardian, by order of the Court upon a sale of the land descended to her, embraced in its boundaries the whole 200 acres, including the dower. Michael Corl had bought of the widow her dower right, and he bought of the guardian under sale by order of Court the infant's interest in the whole tract subject to the dower. It is true the widow's deed for the 66½ acres purported to convey a fee-simple therein, but she could legally convey only her life estate. The reservation in the deed by the guardian of the dower right "already conveyed" was a reservation only of what interest the widow had legally conveyed, and was not a reservation from the guardian's conveyance of the fee-simple in the 66½ acres.        Affirmed.